## ATCHISON, T. & S. F. R. Co. *v.* HOWARD.

*(Circuit Court of Appeals, Eighth Circuit. February 8, 1892.)*

1. NEW TRIAL—DISCRETION OF TRIAL COURT.
   The question of a new trial rests in the sound discretion of the trial judge, and a refusal thereof is not reviewable in the circuit court of appeals.

2. INSTRUCTIONS—OPINION ON EVIDENCE.
   It is not error for a federal judge to express his opinion as to the weight which ought to be given to the statement of a witness, when the jury is in fact left free to discredit the statement.

3. SAME—REVIEW—PRESUMPTIONS.
   When, under such circumstances, the substance only of the court's language is given in the bill of exceptions, it must be presumed that it did not transcend the limits of judicial discretion.

4. MASTER AND SERVANT—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.
   In an action by a locomotive fireman for personal injuries sustained by the blowing out of a boiler flue, the statement of witnesses that the accident "might" have been due in part to the manner in which the fireman cast lumps of coal into the fire-box is insufficient to justify submitting to the jury the question of contributory negligence, when there is no evidence as to his manner of putting in coal.

In Error to the Circuit Court of the United States for the District of Colorado.

Action by Frank Howard against the Atchison, Topeka & Santa Fe Railroad Company for personal injuries. Verdict and judgment for plaintiff. Defendant brings error. Affirmed.

*Charles E. Gast,* for plaintiff in error.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

THAYER, District Judge. This is a suit for personal injuries which the defendant in error sustained in March, 1890, while in the service of the Atchison, Topeka & Santa Fe Railroad Company as a locomotive fireman. On the trial in the circuit court it appeared that a flue-pocket was blown out of the boiler of the locomotive on which the defendant in error was employed, and that he was very severely scalded by hot steam which escaped from the boiler. A "flue-pocket," so termed, is a short flue which extends into the boiler for about six or eight inches behind the flue-sheet, and is closed at the inner end. Such "blind-flues," or "flue-pockets," as they are generally called, are located near the bottom of the flue-sheet, and open into the fire-box. They are so attached to the flue-sheet that they may be taken out or withdrawn when it becomes necessary to remove sediment or incrustations that have collected on the bottom of the boiler. The usual method of attaching flue-

pockets to the flue-sheet of a boiler, so that they cannot be blown out, is to expand the flue on the inside next to the flue-sheet, thus forming a shoulder which abuts against the sheet. The locomotive on which the defendant in error was employed when injured was an old one, but it had been thoroughly repaired and put in order about a year prior to the accident.

In the course of the trial in the circuit court the defendant in error called a witness by the name of Sturdy, who was the boiler-maker who had repaired the boiler immediately after the flue-pocket in question was blown out. This witness testified, in substance, that while making such repairs he discovered that the flue-pocket had been put in originally in a faulty manner, by reason of its not having been expanded enough to give it a sufficient shoulder to prevent it from being blown out. On his cross-examination, however, he was confronted with a letter written by him to his superior officer, shortly after the date of said repairs, in which he had reported that "the right cause of the flue-pocket being blown out was unknown, unless it was due to a sudden jar against the flue-sheet and a heavy pressure of steam; that the flue-pocket was good, and had been put back in the boiler." It is stated in the bill of exceptions that "Sturdy was the only witness who assumed to know how the flue-pocket had been originally put in." It is further said in the bill that there was "some testimony * * * tending to show that the blowing out of the pocket might have been caused by throwing heavy lumps of coal into the fire-box;" and that "the engineer testified that the defendant in error had thrown some coal into the fire-box shortly before the accident, but that he did not notice in what manner it was done;" also "that several large lumps of unburned coal were found in the fire-box after the flue-pocket was blown out." The foregoing is substantially all of the testimony preserved in the record relative to the cause of the accident; but the bill of exceptions does not purport to contain all of the testimony, or to give anything more than a short summary of the charge under which the cause was submitted to the jury.

The first error relied upon in this court is the refusal of the lower court to grant the plaintiff in error a new trial. Counsel for the railroad company claim to have been surprised by the testimony of the witness Sturdy, above referred to, and on that ground they asked the circuit court to award a new trial, which motion was denied. It is sufficient to say of the alleged error that we cannot notice it. The granting of a motion for a new trial is a matter resting in the sound discretion of the trial judge, and we are not authorized to review its action in that regard. *Railroad Co.* v. *Horsi,* 93 U. S. 291–301; *Newcomb* v. *Wood,* 97 U. S. 581.

Exception is also taken to one paragraph of the charge, in which the trial judge is said to have "charged the jury, in substance, * * * that the only witness who assumed to know how the flue-pocket had been originally put in was the witness Sturdy, and that the jury ought to accept that as to the manner in which the flue had been put in originally, and find whether such was a safe or negligently faulty manner

of putting it in." We discover no material error in this direction,—certainly none that would warrant a reversal. The trial judge had the right, if he thought proper, to express an opinion as to the weight that ought to be attached to the statements of the witness, and it is not apparent from the record that he did more than to express an opinion. *Nudd* v. *Burrows*, 91 U. S. 434–439; *Railroad Co.* v. *Putnam*, 118 U. S. 545, 7 Sup. Ct. Rep. 1; *U. S.* v. *Railroad Co.*, 123 U. S. 113, 8 Sup. Ct. Rep. 77; *Lovejoy* v. *U. S.*, 128 U. S. 171, 9 Sup. Ct. Rep. 57; *Simmons* v. *U. S.*, 12 Sup. Ct. Rep. 171, (October term, 1891.) The exact language of the court is not reproduced in the record,—the substance merely is stated; and we would be compelled to presume, in aid of the judgment, that what was in fact said did not transcend the bounds of judicial discretion. But, in any event, the jurors appear to have been left at full liberty (notwithstanding what was said by the court) to discredit the statements of the witness Sturdy if they thought proper.

Complaint is also made, and an exception was saved, because the question of contributory negligence was withdrawn from the consideration of the jury. In this respect we think there was no error. Some witnesses appear to have suggested that the blowing out of the flue-pocket might have been due in part to the manner in which lumps of coal were cast into the fire-box; but, so far as the record shows, none of them went so far as to express the opinion that the accident was so occasioned. The testimony introduced on this point amounted to no more than a suggestion of a possible cause of the accident. There was no evidence offered in support of the suggestion that would have warranted the jury in finding that the defendant in error was guilty of contributory negligence. To have made out a case entitling the court to submit that issue to the jury it should have been shown that coal was thrown into the fire-box in lumps of unusual size, or with unusual and unnecessary force, and there was no such evidence or proof of circumstances from which such facts could be legitimately inferred. No other exceptions were taken to the action of the trial court, and, as we find no material error in those already considered, the judgment of the circuit court is affirmed.