## CITY OF LINCOLN v. SUN VAPOR STREET-LIGHT CO. OF CANTON.

(Circuit Court of Appeals, Eighth Circuit. January 29, 1894.)

### No. 328.

1. APPEAL—BRIEFS—SPECIFICATIONS OF ERROR—COURT RULES.

The provisions of the twenty-fourth rule of court, (47 Fed. xi.,) prescribing the contents and manner of statement of briefs for plaintiff in error, particularly in respect to assignments and specifications of error, and the presentation of the questions to be discussed, will be enforced by the court, to the end that the vital issues in the case may be clearly presented, and immaterial and frivolous matters excluded from consideration.

2. MUNICIPAL CORPORATIONS — POWERS OF COUNCIL — CONTRACTS BY SIMPLE RESOLUTION.

A contract for lighting streets by gasoline lamps, requiring no plant but the posts and lamps, which are to remain the property of the contractors, may be made by simple resolution of council, under the general charter power to make contracts necessary to the exercise of the corporate powers, and further provisions recognizing the power to contract by resolution or order concurred in by a majority of the members elected; and provisions requiring formal ordinances in making contracts for "gas works, electric or other light works," etc., do not apply.

**3.** SAME—CONTRACTS—PRESUMPTIONS.

Contracts formally executed by the proper officers of the city by authority of its council, and not necessarily beyond the scope of its powers, will, in the absence of proof to the contrary, be presumed to have been made by lawful authority.

**4.** REVIEW ON ERROR—SUFFICIENCY OF EVIDENCE.

On a writ of error the court cannot consider a proposition that the jury violated their instructions, in that, being instructed that there could be no recovery unless the claim sued on was presented to the city clerk within three months of its accrual, they awarded a recovery, although the uncontradicted evidence was that the claim was not so presented; for this is simply a contention that the evidence was insufficient to support the verdict, which question cannot be considered in a federal appellate court, in the absence of a request for a peremptory instruction to the jury.

**5.** SAME—MOTION FOR NEW TRIAL—NOT REVIEWABLE.

The fact that the question of the sufficiency of the evidence to support the verdict was passed upon by the court below on a motion for a new trial will not authorize a review of its action on such motion.

In Error to the Circuit Court of the United States for the District of Nebraska. Affirmed.

N. C. Abbott, William A. Selleck, and Arthur W. Lane, for plaintiff in error.

A. J. Sawyer, N. Z. Snell, and A. L. Frost, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

SANBORN, Circuit Judge. The city of Lincoln, Neb., the plaintiff in error, insists that the circuit court for the district of Nebraska erred in rendering judgment against it for damages for the breach of a contract between that city and the Sun Vapor Street-Light Company of Canton, Ohio, the defendant in error. The contract was for lighting the city of Lincoln. The case was tried to a jury, and the judgment is upon the verdict. In this court it was not argued orally, but was submitted on briefs. When the writ of error was sued out, counsel for the city assigned 21 errors.

The twenty-fourth rule of this court provides that the brief of the plaintiff in error in this court "shall contain, in order here stated:

"(1) A concise abstract or statement of the case, presenting succinctly the questions involved, and the manner in which they are raised.

"(2) A specification of the errors relied upon which, in cases brought up by writ of error, shall set out separately and particularly each error asserted and intended to be urged; and in cases brought up by appeal the specification shall state, as particularly as may be, in what the decree is alleged to be erroneous. When the error alleged is to the admission or to the rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected. When the error alleged is to the charge of the court, the specification shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused. When the error alleged is to a ruling upon the report of a master, the specification shall state the exception to the report and the action of the court upon it.

"(3) A brief of the argument, exhibiting a clear statement of the points of law or fact to be discussed, with a reference to the pages of the record and the authorities relied upon in support of each point. When a statute of a state is cited, so much thereof as may be deemed necessary to the decision of the case shall be printed at length. * * *

"(4) When there is no assignment of errors, as required by section 997 of the Revised Statutes, counsel will not be heard, except at the request of the court; and errors not specified according to this rule will be disregarded; but the court, at its option, may notice a plain error not assigned or specified." 47 Fed. xi.

The entire rule is a copy of the twenty-first rule of the supreme court. 3 Sup. Ct. xii. Only the portion of it material in this case is quoted here. In our opinion, the strict and careful observance of this rule directs the attention of counsel and the court to the merits of the case presented, to the vital questions at issue, and excludes from their consideration frivolous and immaterial questions. If the rule is observed, the arguments of counsel and the consideration of the court are concentrated upon the important questions in controversy, instead of being scattered and dissipated by the argument and consideration of numerous side issues, that, if at all material, are generally governed by the decision of the main questions, and in this way a just result is more speedily and certainly attained. It often occurs that, through abundance of caution, counsel assign many errors, when they obtain their writ of error, which they find it entirely unnecessary to refer to, and themselves abandon upon reflection, and after an examination of the authorities upon which they intend to rely in the presentation of their case to this court. Every gentleman of the bar understands and appreciates the necessity of concentrating and confining his own attention and investigation, as well as the attention and consideration of the court, to the crucial questions in his case. This rule enables him to accomplish this result after he has carefully examined the authorities and considered the reasons which support his positions, and when he is best prepared to select the errors he deems of importance. The rule should be carefully observed.

The brief of counsel for the plaintiff in error contains 23 printed pages. The record contains pleadings, evidence, instructions given and instructions refused, the verdict, judgment, assignment of errors, and writ of error, and covers 62 printed pages. No specification of the errors relied on which sets out separately or particularly each error asserted and intended to be urged in a separate subdivision of the brief is found. After the statement of the case, and before the argument, the following statement appears, which is the nearest approach to such a specification found in this brief:

"In discussing the law of this case we desire to urge the following points, on each of which we think the record shows that reversible error was committed in the trial court:

"(1) That under the law of the state governing the city it was necessary for the city, by its proper officers, to have first passed an ordinance authorizing such a contract before the contract could have been entered into by the city officers, and there could be no ratification of a contract made by the officers of a city without authority. The contract being void, no ratification was possible.

"(2) That before any valid and binding contract can be made by city officers, it is necessary that an appropriation shall first have been made to meet the expenses incurred, or to be incurred, under such contract.

"(3) That, in order to maintain a suit for unliquidated damages against the

city, the plaintiff must have first filed with the city clerk a statement of his claim, giving his full name, the time, place, nature, circumstance, and cause of injury or damage complained of, and that such statement must have been filed within three months of the time when his cause of action accrued.

"(4) That the verdict is contrary to, and in direct violation of, the instructions of the court as given to the jury."

Whether the reversible error here complained of was in the admission or rejection of evidence, or in the charge of the court, does not appear from this specification, nor does the substance of any evidence admitted or rejected, or any portion of the charge of the court, appear from it, nor is there any reference to the pages of the record where any of this may be found. Argument follows the statement we have quoted. But there is only one reference in the entire brief to any page of the record in support of any of the assertions or points contained in it, and that is to page 161, while the entire record contains but 62 pages. The rule declares that "errors not specified according to this rule will be disregarded;" and it is the intention of this court to enforce this rule. This is the first case in which we have so sharply called attention to it, and, that no injustice may be done, we have carefully read this record, considered the four points urged in the statement in this brief, and are satisfied that neither of them can be sustained, for the following reasons:

1. The contract in question was in writing. It was formally signed by the mayor on behalf of the city, and sealed with the corporate seal, May 12, 1890. It was accepted and approved by a motion passed by the city council September 29, 1890, and for 14 months the city was lighted by the company under this contract, and its monthly bills for the light were paid by the city without objection. The plaintiff in error pleaded and proved that no ordinance was passed by the city council authorizing or ratifying this contract. Was the contract, therefore, void? The provisions of the statutes of Nebraska material to the determination of this question are:

"Each city governed by the provisions of this act shall be a body corporate and politic, and shall have powers: * * * Fourth. To make all contracts, and to do all other acts in relation to the property and concerns of the city necessary to the exercise of its corporate powers." Comp. St. Neb. 1889, c. 13a, § 9.

"On the passage or adoption of every resolution or order to enter into a contract, or accepting of work done under contract, by the mayor or council, the yeas and nays shall be called and recorded, and to pass or adopt any by-laws, ordinance, or any such resolution, or order, a concurrence of a majority of the whole number of members elected to the council shall be required." Id. § 33.

"All ordinances and resolutions or orders for the appropriation or payment of money shall require for their passage or adoption the concurrence of a majority of all members elected to the council. Ordinances of a general or permanent nature shall be fully and distinctly read on three different days, unless," etc. Id. § 43.

"In addition to the powers herein granted, cities governed under the provisions of this act shall have power by ordinances: * * * XII. To make contracts with and authorize any person, company or association, to erect gas

works, electric or other light works, in said city, and give such persons, company or association the privilege of furnishing light for the streets, lanes and alleys of said city, for any length of time not exceeding five years." Id. § 67.

The contract before us provides for lighting the city by gasoline street lamps for one year, with a privilege to the city of extending the term of the contract, from year to year, for three years more. In order to carry out this contract it was not necessary to erect any light works of a permanent character. Nothing was required but the gasoline lamps and their posts, and the contract provided that these should remain the property of the company after the expiration of its term. The same number of votes was required to authorize or ratify this contract, or to accept or pay for any service rendered under it, by resolution or motion in the city council, that would have been required to pass an ordinance directing its execution. The power to enter into contracts for lighting its streets is one of the ordinary or incidental corporate powers of a populous city. It is necessary for it to make such contracts to properly exercise its corporate powers. This power was clearly granted to the plaintiff in error by the provisions of its charter found in sections 9, 33, and 43, supra, without the grant of additional powers contained in the twelfth subdivision of section 67. The contracts referred to in that subdivision undoubtedly relate to gas works, electric-light works, and other plants of a much more permanent and extensive character than gasoline lamps and their posts, and in our opinion the city was fully authorized to make and to ratify the contract in question by the motion passed by its council.

2. The third defense pleaded in the answer was that no appropriation had been made to meet the expense incurred by this contract at the time it was executed; but no evidence was offered to sustain this plea. It is therefore unnecessary to consider it. It was within the scope of the general powers of the city to make a contract for lighting its streets. If the contract was void because the city failed to make the necessary appropriation for it, it was so because the city itself failed to exercise its power in a lawful manner; and this was an affirmative defense. The contract, signed by the proper officers of the city, and sealed with the corporate seal, the motion passed by the city council approving and ratifying it, and the fact that the company had placed its lamps and posts in the city streets, lighted them, and received compensation therefor from the city, under the contract, for 14 months, without objection to its validity, are at least presumptive evidence that the contract was made in a lawful manner, and the powers of the city properly exercised. A contract of a corporation formally executed by its proper officers by authority of its governing board, and not in itself necessarily beyond the scope of its powers, will, in the absence of proof to the contrary, be presumed to have been made by lawful authority. Acts done by the corporation which presuppose the existence of other acts to make them legally operative are presumptive proofs of the latter. Lincoln v. Iron Co., 103 U. S. 412, 416; Bank v. Dandridge,

12 Wheat. 64, 70; The Omaha Bridge Cases, 10 U. S. App. 98, 189, 2 C. C. A. 174, 240, 51 Fed. 309, and cases cited; Union Water Co. v. Murphy's Flat Fluming Co., 22 Cal. 620, 629.

3. The third point urged is that the company must have filed a statement of its claim with the city clerk within three months after it accrued, in order to maintain its action. The court so instructed the jury, and a careful perusal of the 21 supposed errors assigned when the writ was issued discloses none which challenges any ruling of the court upon this question.

4. The fourth point urged is that the verdict was in direct violation of the instructions given by the court to the jury. The contention of the counsel for the city here rests upon the proposition that the court instructed the jury that the company could not recover unless it proved that it had filed the statement of its claim with the city clerk within three months of its accrual, and that the uncontradicted evidence was that it had not done so; in other words, the point is that the evidence was not sufficient to sustain the verdict. If the city wished to test, by writ of error in this court, the sufficiency of the evidence to sustain a verdict for the company, it should have requested the court below, at the close of the evidence, to peremptorily instruct the jury to return a verdict in defendant's favor. Village of Alexandria v. Stabler, 4 U. S. App. 324, 1 C. C. A. 616, 50 Fed. 689; Railroad Co. v. Hawthorne, 144 U. S. 202, 12 Sup. Ct. 591. It did not do this, and the sufficiency of the evidence cannot be considered here. In an action at law brought here by writ of error for review, this is a court for the correction of the errors of the court below solely; it is not a court for the correction of the mistakes of the jury, or for the retrial of issues of fact which they have determined with the consent of the litigants. In order to obtain a review of any question by writ of error in this court it must appear that the court below decided that very question, for there can be no review of that which has never been passed upon. In this case the city consented to the submission of the evidence to the jury, and requested the general instruction on this subject which was given by the court. The court below was not requested to decide, and did not determine, whether or not there was sufficient evidence to warrant a verdict before it was rendered, and hence it could not have committed any error in this regard, and there is nothing here for us to consider.

It is true that the question of the sufficiency of the evidence was subsequently submitted to the court below on a motion for a new trial; but the action of the court upon that motion was discretionary, and is not reviewable in this court. McClellan v. Pyeatt, 4 U. S. App. 319, 323, 1 C. C. A. 613, 50 Fed. 686; Village of Alexandria v. Stabler, supra; Railroad Co. v. Howard, 4 U. S. App. 202, 1 C. C. A. 229, 49 Fed. 206; Mining Co. v. Fullerton, 58 Fed. 521.

The result is that there was no substantial error in the trial of this case, and no error whatever has been specified according to the rules of this court. The judgment of the circuit court is accordingly affirmed, with costs.