OSWEGO TOWNSHIP, LABETTE COUNTY, v. TRAVELERS' INS. CO.

(Circuit Court of Appeals, Eighth Circuit. September 16, 1895.)

No. 623.

1. PRACTICE ON APPEAL — ASSIGNMENT OF ERRORS — RULE 11, CIRCUIT COURT OF APPEALS.

An assignment of errors which merely states that the court erred in admitting and rejecting testimony, that the verdict is contrary to law, and not supported by the evidence, and that the court erred in instructing the jury to find a verdict for the plaintiff, and in rendering judgment for the plaintiff, brings nothing to the attention of the appellate court, and totally fails to comply with rule 11 of the circuit court of appeals. 11 C. C. A. cii., 47 Fed. vi.

2. SAME—REQUEST FOR DIRECTION OF VERDICT.

An assignment of error that a verdict is not supported by the evidence cannot be noticed if the objecting party has failed to ask, at the close of the whole evidence, for the direction of a verdict in his favor.

In Error to the Circuit Court of the United States for the District of Kansas.

This was an action by the Travelers' Insurance Company against the township of Oswego, Labette county, Kan., on interest coupons of bonds. For reports of former proceedings in the case, see 55 Fed. 361, and 7 C. C. A. 669, 59 Fed. 58. Judgment having been rendered in the circuit court for the plaintiff, defendant brings error. Affirmed.

F. H. Atchinson (W. F. Rightmire, on the brief), for plaintiff in error.

Charles Blood Smith (W. H. Rossington, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. Rule 11 of this court (11 C. C. A. cii., 47 Fed. vi.) provides that:

"The plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. No writ of error or appeal shall be allowed until such assignment of errors shall have been filed. When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. When the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused. Such assignment of errors shall form part of the transcript of the record and be printed with it. When this is not done, counsel will not be heard, except at the request of the court; and errors not assigned according to this rule will be disregarded; but the court, at its option, may notice a plain error not assigned."

The following is a copy of the assignments of error filed in the court below in this case:

"Comes now the defendant, and assigns the following errors against the plaintiff in this action: (1) Errors of law occurring at the trial, and duly excepted to by the defendant. (2) The court erred in admitting testimony by the plaintiff, which was objected to and duly excepted to by the defendant. (3) The court erred in refusing to permit evidence to be introduced duly offered by the defendant. (4) The verdict is contrary to law. (5) The verdict is not supported by the evidence. (6) The court erred in instructing the jury to find a verdict for the plaintiff. (7) The court erred in rendering judgment for the plaintiff in this case."

These assignments bring nothing to the attention of this court. The fifth assignment—that the verdict is not supported by the evidence—cannot be noticed, because the defendant did not ask at the close of the whole evidence for a peremptory instruction for a verdict in its behalf. Village of Alexandria v. Stabler, 4 U. S. App. 324, 1 C. C. A. 616, 50 Fed. 689; Insurance Co. v. Unsell, 144 U. S. 439, 12 Sup. Ct. 671; Insurance Co. v. Frederick, 7 C. C. A. 122, 58 Fed. 144; Mining Co. v. Ingraham (present term) 70 Fed. 219. Moreover, it does not affirmatively appear that the evidence in the record before us was all the evidence introduced on the trial. From these assignments it is impossible to tell what the testimony was to the introduction of which the defendant excepted, or the nature of the evidence offered by the defendant, and which the court excluded. In a word, the assignment of errors does not convey the slightest information

as to the nature of the errors complained of. For any legal purpose, they are worth no more than blank paper. National Bank of Commerce v. First Nat. Bank, 10 C. C. A. 87, 61 Fed. 811; Supreme Council Catholic Knights of America v. Fidelity & Casualty Co. of New York, 11 C. C. A. 96, 63 Fed. 49; Grape Creek Coal Co. v. Farmers' Loan & Trust Co., 12 C. C. A. 350, 63 Fed. 891. We cannot overlook such a total failure to comply with our rules. The judgment of the circuit court is affirmed.