CHICAGO & A. R. CO. v. EHRET.

(Circuit Court of Appeals, Eighth Circuit. February 7, 1899.)

No. 1,068.

REVIEW ON APPEAL—EXCEPTIONS TO INSTRUCTIONS.
    An exception to a charge as a whole is unavailing, where any part of the charge is correct.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

W. H. Morrow (N. W. Morrow, on the brief), for plaintiff in error.
D. V. Herider, E. N. Watson, and E. S. Herider, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge.    Charles G. Ehret was a locomotive engineer in the employ of the Chicago & Alton Railroad Company,

the plaintiff in error; and on the 27th of February, 1897, while running his engine, which was pulling a train of cars, the engine was derailed, the train wrecked, and Ehret killed, as a result of the derailment of his engine. The defendant in error, Emma J. Ehret, is the widow of the dead engineer, and brought this action to recover damages for his death, which her complaint alleges resulted from the derailment of his engine, caused by the following acts of negligence on the part of the railroad company: (1) That the railroad company used old, worn, and insufficient rails in a curve in its track at the place where the engine was derailed; (2) that it failed to maintain an outer rail on its track in the curve of sufficient height to render the operation of trains over it reasonably safe; (3) that the ties under the rails at the place of derailment were so old, worn, and rotten as to render the use of that part of its track unsafe and dangerous; and (4) that the railroad company failed to put tiling on the outer side of its track in the curve to drain off the water, as a result of which water accumulated in the cut, and rendered the roadbed soft and unsafe.

The company denied the alleged acts of negligence. The issues thus raised were tried to a jury, who returned a verdict in favor of the plaintiff, upon which judgment was rendered, and the defendant sued out this writ of error.

It is assigned for error that the court refused at the close of all the evidence to instruct the jury to return a verdict for the defendant. There was no error in refusing this instruction, because there was abundant evidence to entitle the plaintiff to go to the jury. The rule as to when a court is justified in withdrawing the case from the consideration of the jury by giving a peremptory instruction based on the assumption of the insufficiency of the evidence to support a verdict is too trite to justify its repetition.

The only other error assigned is based on the following exception to the charge of the court:

"At the conclusion of the charge the defendant said it had no specific exceptions to make, but would like to except to the charge as a whole. The court said, 'You may do so, but I fear, under the well-settled practice of the court of appeals, it will do you no good.'"

The defendant's attorney did not heed the admonition of the learned trial judge, and his exception to the "charge as a whole" goes for nothing; for it is clear from an inspection of the charge that it was not all bad law, which would have to be the case to render such an exception of any avail. New England Furniture & Carpet Co. v. Catholicon Co., 49 U. S. App. 78, 24 C. C. A. 595, 79 Fed. 294. The judgment of the circuit court is affirmed.