## WESTERN ASSUR. CO. OF TORONTO v. POLK.

(Circuit Court of Appeals, Eighth Circuit.    October 24, 1900.)

No. 1,350.

1. APPEAL—AFFIRMANCE—FAILURE TO OBSERVE RULES.
   The circuit court of appeals may disregard all assignments of error. and affirm the judgment below, where the brief of the plaintiff in error fails to conform to its rules by specifying the errors relied on.

2. SAME—REVIEW—EXCEPTIONS TO INSTRUCTIONS.
   A general exception to a charge, "and each and every part thereof," is unavailing, if any part of the charge is correct.

3. TRIAL—EXCLUSION OF TESTIMONY—HEARSAY.
   It is not error to exclude testimony contained in a deposition, although direct and to a material point, where the cross-examination showed that the only knowledge the witness had of the matter was derived from letters in his possession, which the party taking his testimony refused to permit him to produce.

In Error to the Circuit Court of the United States for the District of Nebraska.

Ed. E. Yates and R. W. Richardson, for plaintiff in error.

Harry C. Brome and Jesse L. Root, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. The Western Assurance Company of Toronto, the plaintiff in error and plaintiff below, is an insurance company. It was sued on one of its policies in a state court in Nebraska. The complaint alleges, in substance, that it retained the defendant in error, who is a practicing lawyer, to defend the suit brought against it in Nebraska, and that, by reason of his negligence, judgment was rendered against it by default on a demand which it did not owe, but which it was compelled to pay by reason of the judgment obtained thereon through the defendant's negligence as its attorney. The answer of the defendant denied (1) all allegations of negligence; denied (2) that "he ever contracted with the plaintiff, or entered into its employ as its attorney in said suit"; (3) averred the policy upon which the suit was brought and judgment rendered against the company was a valid policy, and that the company had no defense to the action thereon; and (4) pleaded the Nebraska statute of limitations of four years. The case was tried to a jury, who found the issues for the defendant, and judgment was rendered accordingly. The brief for the plaintiff in error does not comply with the twenty-fourth rule of this court (32 C. C. A. clxv., 89 Fed. xcv.), and we would be justified in disregarding all the alleged errors and affirming the judgment below on that ground. City of Lincoln v. Sun Vapor Street-Light Co., 19 U. S. App. 431, 8

C. C. A. 253, 254, 59 Fed. 756, 758; Oswego Tp. v. Travelers' Insurance 'Co., 36 U. S. App. 13, 17 C. C. A. 77, 70 Fed. 225; Van Gunden v. Iron Co., 8 U. S. App. 229, 248, 3 C. C. A. 294, 296, 52 Fed. 838, 841; Grape Creek Coal Co. v. Farmers' Loan & Trust Co., 24 U. S. App. 38, 45, 12 C. C. A. 350, 353, 63 Fed. 891, 894; Doe v. Mining 'Co., 44 U. S. App. 204, 214, 17 C. C. A. 190, 196, 70 Fed. 455, 461; Woodmen of the World v. Jackson, 97 Fed. 382, 38 C. C. A. 208. We prefer, however, to rest our decision on the merits of the case.

The case in the circuit court turned upon hotly contested issues of fact. The charge of the court was very full, and covered all the issues in the case. At the conclusion of the charge the plaintiff in error had this exception noted: "To which charge of the court, and each and every part thereof, plaintiff at the time excepted." It is common learning that such a general exception as this to the entire charge of the court is of no avail if any part of the charge is good law. Railroad Co. v. Ehret, 34 C. C. A. 369, 92 Fed. 321; New England Furniture & Carpet Co. v. Catholicon Co., 49 U. S. App. 78, 24 C. C. A. 595, 79 Fed. 294; Price v. Pankhurst, 10 U. S. App. 497, 3 C. C. A. 551, 53 Fed. 312. We have read the charge, and are very clear that it is not all bad law. On the contrary, we think it correctly states the law applicable to every issue in the case. The plaintiff preferred several requests for instructions, all of which we have read carefully and compared with the charge of the court, and we find that, so far as they were good law and applicable to the issues, they were fully covered by the charge. The court very properly refused to give special requests upon points fully and fairly covered by its charge in chief.

Fyke & Hamilton, of Kansas City, Mo., were the attorneys of the insurance company, and they employed the defendant to appear in the action brought against the insurance company. The contention of the insurance company was that Fyke & Hamilton had authority to employ other attorneys to appear for and represent it in any suits brought against it, and that the defendant was employed by them, as agents of the company, to appear for and represent the company. The contention of the defendant was that he was employed by Fyke & Hamilton to represent them in the suit, and that he was not retained or employed by the company to appear for and represent it, and had no contractual relations whatever with it, either directly or through Fyke & Hamilton. The plaintiff, to support the contention that Fyke & Hamilton had authority to employ counsel to represent the company, and that they had authority from the company to employ the defendant to represent it in the action in which the judgment by default was rendered against it, took the deposition of R. J. Mahoney. The following is a part of the examination in chief of this witness:

"Q. Do you know, Mr. Mahoney, if the firm of Messrs. Fyke & Hamilton had any authority to employ an attorney in Plattsmouth to act for the Western Assurance Company in the Klein case? A. Yes. Q. And were they authorized to engage Mr. Polk in this particular case? A. Yes."

On motion of the defendant, the plaintiff was not permitted to read this part of the witness' testimony, and this ruling is assigned

for error, and much insisted upon. This apparent error is quickly exploded when the cross-examination of the witness is read. On his cross-examination the fact was disclosed that the witness, of his own knowledge, knew nothing whatever upon the subject of Fyke & Hamilton's authority to employ counsel for the insurance company generally, or to employ the defendant in this particular suit against the company, but that all he knew about the matter he had learned from perusing the correspondence between the insurance company and Fyke & Hamilton. When that fact was elicited he was asked:

"Q. Well, then, did you personally have anything to do with the retaining of Messrs. Fyke & Hamilton to take charge of the company's defense to the Klein action? A. No. Q. Do you know what instructions were given to Messrs. Fyke & Hamilton in connection with the defense, other than by perusing the correspondence between Fyke & Hamilton and your company? A. No. Q. Is that correspondence in your possession now? A. Yes, sir. Q. Will you produce it? Mr. Creelman: We decline to produce on this cross-examination the correspondence with Fyke & Hamilton."

The testimony of the witness on this point was clearly hearsay, and rightly ruled out. Moreover, if the contents of the letters between the insurance company and Fyke & Hamilton were admissible in evidence, the letters themselves would have been the best evidence of their contents; and these the counsel for the insurance company refused to permit the witness to produce, although he testified that he had them in his possession at the time of his examination.

The court was asked to charge the jury as matter of law that, upon the facts proved, the defendant was guilty of negligence. This request was properly refused. Upon the evidence in the case, it was clearly the province of the jury to determine the issue of negligence. The plaintiff itself seemed to have taken this view of the case at the trial, as it preferred a request to that effect, which was, in substance, embodied in the court's charge.

Other errors are assigned, but none of them are of importance enough to justify their separate statement and consideration. We have carefully considered all of them, and find them without merit. The judgment of the circuit court is affirmed.