## TUBBS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 5, 1900.)

No. 1,400.

1. INDICTMENT—DESCRIPTION OF OFFENSE—OMISSION OF OBSCENE MATTER.

An indictment for mailing an obscene, lewd, and lascivious letter is not defective because it fails to set out such letter, where it is alleged that its contents are too obscene to be spread upon the records of the court.

2. CRIMINAL LAW—SUFFICIENCY OF INDICTMENT TO SUPPORT JUDGMENT.

Where a defendant was convicted on a number of counts, but the sentence does not exceed that which might lawfully be imposed on any one of such counts, one good count is sufficient to sustain the judgment.

3. SAME—TRIAL—EVIDENCE.

That expert witnesses stated unqualifiedly that certain letters were in the handwriting of defendant, instead of stating that such was their opinion, is not prejudicial error.

4. SAME—REVIEW ON APPEAL—FAILURE TO OBSERVE RULES.

While the circuit court of appeals may waive a noncompliance with its rule requiring a plaintiff in error to set out the exceptions relied upon in his brief in a criminal case, as to matters going to the foundation of the prosecution, it will not do so as to exceptions to the admission of evidence which are technical, and do not go to the merits of the case.

5. SAME—ADMISSION OF INCOMPETENT EVIDENCE—EFFECT OF WITHDRAWAL.

The introduction in evidence by mistake in a criminal case of a letter which was inadmissible is not an error which cannot be cured by the court by striking it out on discovering the mistake, and directing the jury not to consider it, or any evidence relating to it.

In Error to the District Court of the United States for the District of South Dakota.

The defendant was indicted, under section 3893 of the Revised Statutes of the United States, for depositing in the post office, to be mailed and delivered, obscene, lewd, and lascivious letters, and letters giving information where, how, and of whom articles and things could be obtained for the procuring of an abortion. The first trial of the case was a mistrial. 94 Fed. 356. A second indictment was preferred against the defendant, which was consolidated with the second, fourth, and fifth counts of the first indictment; a demurrer to the other counts of that indictment having been sustained. On the second trial the defendant was convicted on the fifth count of the first indictment, and the first, second, third, and fourth counts of the second indictment, and sentenced to imprisonment at hard labor for two years on the conviction under each of the counts, the sentences to run concurrently. The defendant reserved exceptions at the trial, and has removed the case into this court by writ of error.

Frank R. Aikens (Harold E. Judge, on the brief), for plaintiff in error.

William G. Porter (James D. Elliott, on the brief), for the United States.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

On the trial objection was made to the introduction of any evidence by the government in support of the second, fourth, and fifth counts on the first indictment upon the ground "that they do not state facts sufficient to constitute a public offense or a violation of the statutes of the United States, and that they do not, nor does either of them, apprise the defendant, with a sufficient directness or certainty, of the nature of the charge against him." A like objection was made to the introduction of any evidence in support of the first, third, and fourth counts of the second indictment, "for the reason that it appears from each of them that neither of them contains matter giving information where, how, and of whom might be obtained an article or medicine designed and intended for the procuring of an abortion." The counts of the first indictment are alike, and, omitting the formal parts, charged that the defendant did "unlawfully, willfully, and knowingly deposit, and cause to be deposited, in a post office of the United States, to wit, the post office at Alcester, in the county of Union, state of South Dakota, for mailing and delivery by the post-office establishment of the United States, certain nonmailable matter, to wit, a letter inclosed in an envelope, and which said letter was obscene, lewd, and lascivious, and of an indecent character, and is offensive, and unfit to be set forth in this instrument, and to be spread at length upon the records of this honorable court, wherefore the grand jurors aforesaid do not set forth the same in this indictment, and which said envelope containing the letter aforesaid was then and there directed to and addressed as follows, that is to say, 'Miss Clara Saltness, Alcester, S. D.'; he, the said Richard A. Tubbs, then and there well knowing the contents of the said letter, and the character thereof, and well knowing the said letter to be obscene, lewd, lascivious, and of an indecent character."

One contention is that these counts do not charge a public offense, because the letters themselves alleged to be obscene, lewd, lascivious, and indecent are not set out, and because the description of the letters is not so definite and precise as to enable the defendant to avail himself of a plea of former conviction or acquittal. These objections are answered by repeated decisions of the supreme court. The rule is stated in Rosen v. U. S., 161 U. S. 29, 40, 16 Sup. Ct. 434, 438, 40 L. Ed. 606, 609. In that case Mr. Justice Harlan, delivering the judgment of the court, said:

"The doctrine to be deduced from the American cases is that the constitutional right of the defendant to be informed of the nature and cause of the accusation against him entitles him to insist, at the outset, by demurrer, or by motion to quash, and, after verdict, by motion in arrest of judgment, that the indictment shall apprise him of the crime charged with such reasonable certainty that he can make his defense and protect himself after judgment against another prosecution for the same offense; that this right is not infringed by the omission from the indictment of indecent and obscene matter

alleged as not proper to be spread upon the records of the court, provided the crime charged, however general the language used, is yet so described as reasonably to inform the accused of the nature of the charge sought to be established against him; and that, in such case, the accused may apply to the court before the trial is entered upon for a bill of particulars, showing what parts of the paper would be relied on by the prosecution as being obscene, lewd, and lascivious, which motion will be granted or refused, as the court, in the exercise of a sound legal discretion, may find necessary to the ends of justice."

Defendants in this class of cases commonly affect ignorance of what they are indicted for, and great apprehension lest they shall be indicted a second time for the very same offense, and be unable to prove by the record a former conviction or acquittal. No case of the kind has ever occurred, or is ever likely to occur, but the affected apprehension of each defendant that it may occur in his case is perennial. The supreme court has put a quietus on these stock objections by repeatedly pointing out that the defendant may apply for a bill of particulars (Rosen v. U. S., 161 U. S. 29, 34, 35, 39–41, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Durland v. U. S., 161 U. S. 306, 315, 16 Sup. Ct. 508, 40 L. Ed. 709), and that parol evidence is always admissible, and sometimes necessary, to establish the defense of prior conviction or acquittal (Dunbar v. U. S., 156 U. S. 185, 191, 15 Sup. Ct. 325, 39 L. Ed. 390; Durland v. U. S., 161 U. S. 306, 314, 315, 16 Sup. Ct. 508, 40 L. Ed. 709).

It is common learning that, where the matter is too obscene to be spread upon the records of a court of justice, it may be omitted from the indictment upon an allegation to that effect. Rosen v. U. S., 161 U. S. 29, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Dunlop v. U. S., 165 U. S. 486, 497, 17 Sup. Ct. 375, 379, 41 L. Ed. 799, 802. In the case last cited the court say:

"Whether the matter was too obscene to be set forth in the record was a matter primarily to be considered by the district attorney in preparing the indictment, and, in any event, it was within the discretion of the court to say whether it was fit to be spread upon the records or not. We do not think that error will lie to the action of the court in this particular."

The objection that the counts in the second indictment do not purport to give information "where, how, and of whom might be obtained an article or medicine designed and intended for the procuring of an abortion" is unfounded in fact. The letters seem to have been written for the sole purpose of giving such information, and they do give it, or purport to give it. Quotations from the letters would demonstrate this fact, but the matter is too gross and immoral to be introduced into the reports of this court.

All the counts are good, but if one or more of them was bad the judgment would still be good. It is conceded the second count in the second indictment is good, and "one good count is sufficient to sustain the judgment" (Dunbar v. U. S., 156 U. S. 185, 192, 15 Sup. Ct. 325, 39 L. Ed. 390), where, as in this case, the punishment imposed by the sentence of the court does not exceed that imposed upon the conviction under the good count (Haynes v. U. S., 42 C. C. A. 34, 101 Fed. 817; Evans v. U. S., 153 U. S. 584, 14 Sup. Ct. 934, 38 L. Ed. 830; Id., 153 U. S. 608, 14 Sup. Ct. 939, 38 L. Ed. 839;

Claassen v. U. S., 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966; Peters v. U. S., 36 C. C. A. 105, 94 Fed. 127; 2 Bish. Cr. Proc. 841; Dunbar v. U. S., 156 U. S. 185, 192, 15 Sup. Ct. 325, 39 L. Ed. 390). The only punishment imposed is imprisonment, and the sentence imposed the same term of imprisonment on the conviction under each count, the sentences to run concurrently, so that the defendant's punishment is precisely what it would have been if he had been convicted and sentenced on the confessedly good count alone.

Assignments 7 to 18, both inclusive, in the language of the brief of counsel for the plaintiff in error, "have reference to but one proposition," and that is that the expert witnesses called to prove the letters were in the handwriting of the defendant stated unqualifiedly that they were in his handwriting, when they should have been required to state that, in their "opinion," they were in his handwriting. The objection is not made that the witnesses were not qualified to testify as to the defendant's handwriting. They had seen him write frequently, and were, moreover, experts in handwriting. The point is too fine spun to require further notice.

Moreover, none of the exceptions to the evidence are set out in the brief of the plaintiff in error, as required by rule 24 of this court. City of Lincoln v. Sun Vapor Street-Light Co. of Canton, 19 U. S. App. 431, 8 C. C. A. 253, 59 Fed. 756; Western Assur. Co. of Toronto v. Polk (decided at the present term) 104 Fed. 649; Oswego Tp. v. Travelers' Ins. Co., 36 U. S. App. 13, 17 C. C. A. 77, 70 Fed. 225; Van Gunden v. Iron Co., 8 U. S. App. 229, 248, 3 C. C. A. 294, 296, 52 Fed. 838, 841; Grape Creek Coal Co. v. Farmers' Loan & Trust Co., 24 U. S. App. 38, 45, 12 C. C. A. 350, 353, 63 Fed. 891, 894; Doe v. Mining Co., 44 U. S. App. 204, 214, 17 C. C. A. 190, 196, 70 Fed. 455, 461; Sovereign Camp Woodmen of the World v. Jackson, 38 C. C. A. 208, 97 Fed. 382. And, while we have waived the noncompliance with the rule as to the exceptions challenging the sufficiency of the indictment which went to the foundation of the prosecution, we feel constrained to enforce it so far as relates to objections to evidence not at all going to the merits of the case. We have gone over the record very carefully to see if there was "a plain error" in admitting or rejecting evidence material to the merits of the case, and find no such error, nor, indeed, any error whatever.

One other assignment, because much insisted on, will be considered. When introducing the letters in evidence, the government, by mistake, put one letter in evidence known as "Exhibit 2," which, because it had not been declared on or for some other reason, ought not to have been introduced. As soon as the mistake was discovered, the court promptly said to the jury:

"It seems counsel for the prosecution mistook the letter, and the letter that ought to have gone in has not gone in at all. The letter that ought not to have gone in was this Exhibit 2, together with the envelope. Make the record there that Exhibit 2, and all evidence in relation thereto, is struck out, and the jury directed to pay no attention to that."

It is insisted that nothing the court could say or do could nullify the mistake, or banish from the minds of the jury the effect of the mistake. This contention is put at rest by the decision of the su-

preme court in Pennsylvania Co. v. Roy, 102 U. S. 451, 459, 20 L. Ed. 141, 145, where the court say:

"To this position we cannot assent, although we are referred to some adjudged cases which seem to announce the broad proposition that an error in the submission of evidence cannot afterwards be corrected by instructions to the jury, so as to cancel the exception taken to its admission. But such a rule would be exceedingly inconvenient in practice, and would often seriously obstruct the course of business in the courts. It cannot be sustained upon principle, or by sound reason, and is against the great weight of authority. The charge from the court that the jury should not consider evidence which had been improperly admitted was equivalent to striking it out of the case. The exception to its admission fell when the error was subsequently corrected by instructions too clear and positive to be misunderstood by the jury. The presumption should not be indulged that the jury were too ignorant to comprehend, or were too unmindful of their duty to respect, instructions as to matters peculiarly within the province of the court to determine. It should rather be, so far as this court is concerned, that the jury were influenced in their verdict only by legal evidence. Any other rule would make it necessary in every trial, where an error in the admission of proof is committed, of which error the court becomes aware before the final submission of the case to the jury, to suspend the trial, discharge the jury, and commence anew. A rule of practice leading to such results cannot meet with approval."

Finding no error in the record prejudicial to the defendant, the judgment of the district court is affirmed.