### McCOOL et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 11, 1920.)

No. 3333.

1. CRIMINAL LAW ⟐⟐1014—CONTENTION AS TO FAILURE OF PROOF NOT REVIEWABLE, WHEN NOT RAISED BELOW.

The contention that there is no substantial evidence to sustain the verdict of guilty will not be passed on, when it was not raised at the trial by motion to direct a verdict at the close of all the evidence, or in any other way.

2. CRIMINAL LAW ⟐⟐532(½)—CONFESSIONS IN CASE OF CONFLICT MAY BE ADMITTED UNDER INSTRUCTION TO DISREGARD, IF NOT VOLUNTARY.

Whether confessions offered in evidence were voluntary is a question for the trial court to decide on the evidence offered, but where there is a conflict of evidence the confession may be submitted to the jury under instruction to disregard it, if it finds that it was not voluntary.

⟐⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. CRIMINAL LAW ☞775(3)—INSTRUCTION DEFINING "ALIBI" APPROVED.

An instruction that an "alibi" consisted in proof that defendants were elsewhere at the time of the commission of the alleged crime, and that it was therefore "impossible" for them to have been at the place where the offense was committed, was correct.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Alibi.]

4. CRIMINAL LAW ☞572—EVIDENCE SUFFICIENT TO ESTABLISH ALIBI ENTITLES DEFENDANT TO VERDICT, IF IT RAISES REASONABLE DOUBT.

Though defendant fails to establish his defense of alibi, if the evidence touching such defense raises a reasonable doubt of the guilt of accused, it is the duty of the jury to return a verdict of not guilty.

5. CRIMINAL LAW ☞782(15)—INSTRUCTIONS NOT ERRONEOUS AS REQUIRING ALIBI TO BE PROVED BEFORE EVIDENCE IN SUPPORT THEREOF COULD BE CONSIDERED.

On a trial for larceny of interstate shipments, breaking the seal of a car containing an interstate shipment, and receiving property stolen from an interstate shipment, instructions *held* not to require defendants to establish their alibi by proof, in order to have the evidence in support thereof considered in determining whether there was a reasonable doubt.

6. CRIMINAL LAW ☞1120(3)—RULING THAT WITNESSES COULD NOT TESTIFY NOT REVIEWABLE, WHERE PROPOSED TESTIMONY DOES NOT APPEAR.

Though the court prior to the calling of witnesses stated that they would not be permitted to testify on any subject other than the reputation of one of the defendants, there was nothing for review, where they were asked no questions to which objections were made or sustained, and no statement was read into the record as to what their answers would be if they were permitted to answer.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

W. L. McCool and another were convicted of offenses, and they bring error. Affirmed.

A. B. Galloway, of Memphis, Tenn., for plaintiffs in error.

Thos. J. Walsh, Asst. U. S. Atty., of Humboldt, Tenn.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The indictment contains four counts. The first count charges the defendant with breaking the seal of a railroad car containing an interstate shipment of freight with the intent to commit larceny. The second count charges the larceny of six automobile tires, a part of an interstate shipment of freight contained in this car and consigned to E. B. Booker, Holly Springs, Miss. The third count charges the larceny of two automobile tires, a part of an interstate shipment contained in this car, consigned to the Green Auto Company at Holly Springs, Miss. The fourth count charges that they received and had in their possession property stolen from an interstate shipment, with knowledge of the fact that the same had been stolen. The jury found defendants guilty on all four counts. A motion for new trial was overruled by the court, and sentence imposed.

[1] Counsel for plaintiff in error insists that there is no substantial evidence to sustain this verdict of guilty. This question, however, was not raised in the trial of the case, either by motion to direct a

verdict at the close of all the evidence or in any other way. Wear v. Imperial Window Glass Co., 224 Fed. 60, 139 C. C. A. 622; City of Lincoln v. Sun Vapor Street Light Co., 59 Fed. 756, 8 C. C. A. 253.

[2] It is also contended on behalf of the plaintiff in error that the court erred to their prejudice in admitting in evidence a paper writing purporting to be a confession, signed by both of the defendants, for the reason that this confession was not voluntary on the part of either. Whether confessions offered in evidence were voluntary is a question relating to the admissibility of evidence, and therefore a question for the trial court to decide upon the evidence offered; but where there is a conflict of evidence the confession may be submitted to the jury, under instruction to disregard it if it finds that it was not voluntary. Wilson v. United States, 162 U. S. 613, 16 Sup. Ct. 895, 40 L. Ed. 1090. In this case the court not only found from the evidence that the confessions were voluntary and admitted the same, but also called the attention of the jury to this evidence, and instructed it to give to these confessions such consideration as in its opinion they might be worth.

[3, 4] Exceptions were taken to the charge of the court touching defense of alibi. In this respect the court said in effect that an alibi consists in proof that defendants were elsewhere at the time of the commission of the alleged crime, and that it was therefore impossible for them to have been at the place where the offense was committed. Counsel objects to the word "impossible," but that is the real purpose of this defense. The defense of alibi cannot be thoroughly established, so as to preclude possibility of guilt, except by satisfactory proof that the defendant was at a place so remote from the locality of the crime at the time it was committed that it would have been physically impossible for him to have committed it. If, however, the defendant should fail to establish by the evidence both or either of these two important facts comprehended in the defense of alibi, that failure would not preclude its consideration by the jury. On the contrary, if the evidence touching this defense is sufficient to raise a reasonable doubt in the minds of the jurors as to the guilt of the accused, it is the duty of the jury to return a verdict of not guilty.

[5] It is claimed, however, that the court charged that it was necessary for the defendant to establish this alibi by proof; but, on the contrary, the court specifically said to the jury:

"If you have a reasonable doubt about the guilt of these defendants upon the whole proof, upon each count of this indictment, it is your duty to say they are not guilty; or if you have a reasonable doubt in your mind arising from this whole evidence that they are not guilty under either one of these counts, you should say that."

And again, after counsel had called the court's attention to the particular part of the charge relating to alibi to which counsel objected, the court said:

"Now, gentlemen of the jury, I said to you a moment ago, and I repeat it now, that you may have the benefit of the repetition, if upon the whole case, either upon the alibi or upon the defendant's explanation of how the property

came into their possession, there is a reasonable doubt whether these parties are guilty of the offenses, or one or more of them, charged against them, that reasonable doubt inures to the defendants, and you should give them the benefit of it, and that goes to the evidence touching the alibi, as well as the explanation."

This charge correctly states the law applicable to this defense.

[6] Complaint is made that the court erred in rejecting testimony of J. C. South and Mrs. J. C. South, offered on behalf of the defendants; but the record does not disclose that any such offer was made. It is disclosed, however, that the court, prior to the calling of these witnesses, did state that they would not be permitted to testify on any subject other than the reputation of the defendant McCool; but neither of these witnesses was asked any questions to which objections were made or sustained, and no statement was read into the record as to what the answers would be if the witnesses were permitted to answer. It is therefore impossible for a reviewing court to say whether such evidence would or would not have been admissible, or whether its rejection would or would not have been prejudicial.

Exceptions were also taken to that part of the charge referring to knowledge of the defendants that the tires found in their possession were stolen. This, however, relates to the fourth count in the indictment, and counsel states in his brief, page 3:

"It might be well to state here that, upon motion for a new trial as to the fourth count in said indictment, said motion was sustained."

On page 25 a similar statement is made. The printed transcript does not disclose that the motion was sustained as to the verdict of guilty on the fourth count of the indictment. However, it is probable that counsel did not deem it important to have that order of the court included in the transcript; but, in view of the statement in his brief, it is unnecessary to consider the part of the charge relating to that count.

Judgment affirmed.