### SPENCER v. COX, Warden.

No. 12657.

Circuit Court of Appeals, Eighth Circuit.

Jan. 27, 1944.

Arthur W. Allen, of Washington, Ind., for appellant.

Earl A. Grimes, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before THOMAS and JOHNSEN, Circuit Judges, and MOORE, District Judge.

MOORE, District Judge.

This is an appeal from a judgment of the District Court of the Western District of Missouri, denying appellant's application for discharge on a writ of habeas corpus. Appellant had been convicted of counterfeiting in the District of Minnesota and has alleged as grounds for his application for habeas corpus that the indictment is fatally defective in that it fails to charge a crime in such definite terms as will constitute a bar to a second trial and conviction for the same crime. The petitioner was permitted to sue in forma pauperis and was represented here and in the Court below by counsel appointed by the Court. In addition to the argument by counsel, petitioner has insisted on presenting his own views of the case in a personally-prepared brief.

Petitioner's counsel urges as the sole ground for the relief sought that the indictment is fatally defective because it fails to set out the alleged counterfeited Federal Reserve Notes in haec verba, or in fact to describe them in any manner except by reference to attached exhibits consisting of photostatic copies of the counterfeited notes, which are, by reference, made part of the indictment. It is argued that the exhibits might become detached and that the indictment would then state no particulars which could serve to bar another prosecution for the same crime. No authority is cited in support of the proposition.

The petitioner, in a habeas corpus proceeding attacking the sufficiency of an indictment, as the basis for his petition must prove that the record affirmatively shows the Court's lack of jurisdiction, not merely that the record fails to affirmatively show the Court's jurisdiction. Archer, Warden, v. Heath, 9 Cir., 30 F.2d 932; Cuddy, Petitioner, 131 U.S. 280, 9 S.Ct. 703, 33 L.Ed. 154; United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631; Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036. It is important to observe the difference between the correct rule and its converse. Conceding the validity of petitioner's argument, the defect here would be merely a lack of facts sufficient to support jurisdiction, rather than a positive showing of lack of jurisdiction. The defect, if any, could have been corrected by a motion for a bill of particulars or could have been attacked on appeal or writ of error rather than in this collateral proceeding. The writ of habeas corpus is not a substitute for appeal or writ of error. Huntley v. Schilder, 10 Cir., 125 F.2d 250; Moore v. Aderhold, 10 Cir., 108 F.2d 729; Garrison v. Hudspeth, 10 Cir., 108 F.2d 733; Brock v. Hudspeth, 10 Cir., 111 F.2d 447; Knight v. Hudspeth, 10 Cir., 112 F.2d 137; Rosenhoover v. Hudspeth, 10 Cir., 112 F.2d 667; Ex parte Parks, 93 U.S. 18, 23 L.Ed. 787; Ex parte Yarbrough, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274; Matter of Gregory, 219 U.S. 210, 31 S.Ct. 143, 55 L.Ed. 184; Glasgow v. Moyer, 228 U.S. 420, 32 S.Ct. 753, 56 L.Ed. 1147; Henry v. Henkel, 235 U.S. 219, 35 S.Ct. 54, 59 L.Ed. 203; Rodman v. Pothier, 264 U.S. 399, 44 S.Ct. 360, 68 L.Ed. 759; Goto et al. v. Lane, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070; Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Hall v. Johnston, 9 Cir., 86 F.2d 820.

But, the simplest, most direct answer to petitioner, and one which is decisive of the issue, is that the photostats are by reference made part of the pleading and are integrated into the indictment complained

of. The pertinent language of Count 3 of that indictment reads: "Otis Spencer, Ira A. Gorham and J. Ordean Capretz, then and there being hereafter referred to as defendants, unlawfully, wilfully, feloniously, and with intent to defraud, pass, utter and publish as true, to one Helen Crandall, a Clerk of the Crandall Grocery, a certain falsely made and counterfeited obligation of the United States, a photostatic copy of which, marked Exhibit B, is attached *and hereby made a part hereof, as though the same was fully set out herein."* (Emphasis supplied)

■ We take it that there is no question but that the photostatic reproduction is a proper medium for introducing the counterfeited notes into the pleadings. Had reference been made to the attached exhibits but absent a clause incorporating the exhibits into the pleadings, the situation might be worthy of further consideration. We are of the opinion that each count of the indictment under consideration properly charges a crime in such terms as to give the court jurisdiction to try the same, Myers v. United States, 8 Cir., 15 F.2d 977; Brown v. United States, 8 Cir., 143 F. 60, 74 C.C.A. 214; Horn v. United States, 8 Cir., 182 F. 721–727, 105 C.C.A. 163; Rinker v. United States, 8 Cir., 151 F. 755–759, 81 C.C.A. 379; United States v. Claflin, 25 Fed.Cas., p. 433, No. 14,798; Dunbar v. United States, 156 U.S. 185, 15 S.Ct. 325, 39 L.Ed. 390; Tubbs v. United States, 8 Cir., 105 F. 59, 44 C.C.A. 357; Connors v. United States, 158 U.S. 408–411, 15 S.Ct. 951, 39 L.Ed. 1033.

Due consideration has been given to the arguments personally prepared by the petitioner himself, but they are somewhat incoherent and appear to be the result of wishful thinking rather than logic.

■ Petitioner first alleges that the indictment is contradictory in terms but there is no contradiction. He also labors under a misapprehension as to what sections of the United States Code describe the offenses charged in the various counts of the indictment, and what penalties are prescribed for those offenses. Defendant was convicted on the first count of the indictment charging a violation of Section 264, 18 U.S.C.A., on the third count of the indictment charging a violation of Section 265 of 18 U.S.C.A., and on the fourth count charging a violation of Section 88, 18 U.S.C.A. Petitioner, upon conviction, was given the maximum imprisonment provided in Sections 264 and 265, respectively, to-wit: fifteen years on each count, the terms to run consecutively. The sentence for violation of Section 88 was two years, the maximum imprisonment provided for in that section of the statutes, the term to run concurrently with the others. As to each count, the indictment, sentence and conviction were based on a single section of the statutes and there was no variance between the crime charged and that for which sentence was imposed. And the sentences in each case were proper under the pertinent statute.

■ Petitioner further complains that the sentence requires the two years on Count Four to be served concurrently with the 15-year term on Count One *and* the 15-year term on Count Three. It is argued that the effect of this is to require the two-year sentence to be served twice and, therefore, the sanction against double-jeopardy contained in the Fifth Amendment of the Constitution has been violated. However, common sense has no difficulty in interpreting the sentence, and that *is* that the whole time to be served by the prisoner amounts to the sum of the consecutive sentences on Counts One and Three and is not increased by reason of the sentence on Count Four.

None of petitioner's personal arguments militates against the judgment of the trial court dismissing the writ. Nor, as indicated above, does the argument by counsel reveal any error below.

The order denying the writ is, therefore, affirmed.