PITTSBURGH & BUFFALO CO. v. DUNCAN et al.

(Circuit Court of Appeals, Sixth Circuit. May 2, 1916.)

No. 2760.

1. CORPORATIONS ⊂⊃188—LIABILITY OF ONE CORPORATION FOR CONTRACTS OF ANOTHER—INDENTITY OF STOCK CONTROL.

The mere fact that the stockholders in two corporations are the same, or that one corporation exercises a control over the other through ownership of its stock, or through identity of its stockholders, does not make either the agent of the other, nor does it merge them into one, so as to

make a contract of one binding upon the other, where each corporation is separately organized under a distinct charter.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 704, 705; Dec. Dig. ⊂⊃188.]

2. CORPORATIONS ⊂⊃188—IDENTITY OF STOCKHOLDERS—LEGAL EFFECT.

While the legal fiction of distinct corporate existence will be disregarded, when necessary to prevent fraud, or when a corporation is so organized and controlled and its affairs so conducted as to make it only an adjunct or instrumentality of another, it requires a strong case to induce a court of equity to consider two corporations as one, on account of one owning all the capital stock of the other.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 704, 705; Dec. Dig. ⊂⊃188.]

3. CORPORATIONS ⊂⊃188—LIABILITY OF ONE CORPORATION FOR CONTRACTS OF ANOTHER—IDENTITY OF STOCK CONTROL.

A corporation *held* not liable on contracts of other corporations in which it owned no stock, where its business was separately conducted and the stockholders were not all the same, although the same persons owned a controlling interest in each.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 704, 705; Dec. Dig. ⊂⊃188.]

Appeal from the District Court of the United States for the Northern District of Ohio; John H. Clarke, Judge.

Suit in equity by the Central Trust Company of New York, trustee, against the Wheeling & Lake Erie Railroad Company. From an order made on application of W. M. Duncan, receiver, for instructions, the Pittsburgh & Buffalo Company appeals. Reversed.

M. A. Copeland, of Cleveland, Ohio, for appellant.

T. M. Kirby, of Cleveland, Ohio, for appellees.

Before KNAPPEN and DENISON, Circuit Judges, and SANFORD, District Judge.

KNAPPEN, Circuit Judge. The Wheeling & Lake Erie Railroad Company was under receivership by appointment of the District Court for the Northern District of Ohio. The appellant, Pittsburgh & Buffalo Company (an Ohio corporation), was a wholesale dealer in coal at Cleveland; it delivered to the receiver fuel coal at an agreed price of $2,182.19, and for which the receiver was indebted to appellant. The Cleveland & Pittsburgh Coal Company (an Ohio corporation) was a retail coal dealer at Cleveland; it owed the receiver for freight and demurrage $1,453.46. The Pittsburgh-Buffalo Company (a Pennsylvania corporation) was a coal mine owner and operator; it also owed the receiver $160.96 for repairs on cars.

The receiver claimed the right to offset the indebtedness of the two last-named companies to him against his indebtedness to appellant. The latter denied such right. The receiver's right of set-off was based upon certain facts stipulated in connection with the receiver's application to the District Court for instructions, in which application appellant joined. These facts may be thus summarized:

Appellant's capital stock of $20,000 was held by seven persons, including the Johnetta Coal Company, whose holding was $47/200$ of the entire amount. The Cleveland & Pittsburgh Coal Company's stock

of $100,000 was held by six persons, including the Johnetta Coal Company, whose holding was $737/1000$ of the entire amount. With one exception, the other stockholders in the two last-named companies were the same, although, as in the case of the Johnetta Company, their respective holdings of the capital stock of the two corporations were in each case different. Appellant's largest stockholder, John H. Jones (the exception above referred to), held no stock in the Cleveland & Pittsburgh Company. The Johnetta Coal Company was controlled by the Jones brothers (the Jones interests), and was organized for the purpose of holding the stock, bonds, and securities of the so-called "Jones Companies"; the Jones brothers being heavily interested in and controlling the policy of the Pittsburgh-Buffalo Company and the Four States Coal & Coke Company, which was also a coal mine owner and operator. They also controlled a number of subsidiary companies (including appellant and the Cleveland & Pittsburgh Coal Company), all of whom had extensive dealings with the two mining companies "and among themselves," and were known as "the Jones Companies." The parties, including the receiver, who did business with these companies, generally knew that they were controlled by the Jones brothers. The two mining companies, the Johnetta Coal Company, and a number of subsidiary companies are in the hands of receivers appointed by United States courts in Pennsylvania and West Virginia. The Cleveland & Pittsburgh Coal Company is under receivership by order of the District Court below. Appellant is not under receivership. It has acted for many years past as sales agent for the two mining companies, which has been its principal business. The books of appellant and the Cleveland & Pittsburgh Company have always been kept separately, and their dealings have not been confined to the material furnished by the Jones interests, although this has constituted a large portion of their business and the principal portion of appellant's business. A large number of the receiver's bills against the Jones companies have from time to time been charged against one of these companies, and upon rendition the receiver has been advised that the charge should properly be made against another of the Jones companies, and all of said bills in the past have been corrected as requested by said Jones companies.

The District Court found that the receiver was entitled to the claimed set-off, rendered judgment against appellant for the amount thereof, and directed the receiver to pay appellant the balance only of its bill above such set-off. This appeal is from that order.

Appellee seeks to justify the action complained of on the ground that the facts stated are sufficient to support a conclusion that (a) the Cleveland & Pittsburgh Company was the sales agent of appellant; or (b) that the Cleveland & Pittsburgh Company was held out by appellant as having authority to bind it, and that the latter is so estopped to deny such authority; and (c) that in the circumstances stated to deny the set-off would work an actual or constructive fraud against the railroad's receiver.

We are unable to agree with this view. The consideration of stock ownership and corporate control apart, the agreed facts fall short, in our opinion, of supporting a conclusion either that the Cleveland

& Pittsburgh Company (the retail coal dealer) was in fact appellant's sales agent, or that it was so held out by appellant; the books of the two companies were always kept separate, and we think the natural inference from the facts stated is that the receiver's bills against the respective companies were paid only when made out to the company properly chargeable therewith.

[1, 2] As respects stock ownership and corporate control: The mere fact that the stockholders in two or more corporations are the same, or that one corporation exercises a control over the other through ownership of its stock, or through identity of its stockholders, does not make either the agent of the other, nor does it merge them into one, so as to make a contract of one corporation binding upon the other, where each corporation is separately organized under a distinct charter. Central Trust Co. v. Bridges (C. C. A. 6) 57 Fed. 753, 6 C. C. A. 539; Richmond & I. Constr. Co. v. Richmond, etc., R. R. Co. (C. C. A. 6) 68 Fed. 105, 108, 15 C. C. A. 289, 34 L. R. A. 625; In re Watertown Paper Co. (C. C. A. 2) 169 Fed. 252, 255, 94 C. C. A. 528. True, the legal fiction of distinct corporate existence will be disregarded when necessary to prevent fraud, or when a corporation is so organized and controlled and its affairs so conducted "as to make it only an adjunct or instrumentality of another corporation." In re Watertown Paper Co., supra; Gay v. Hudson River Elec. Power Co. (C. C. A. 2) 187 Fed. 12, 14, 109 C. C. A. 66; Foard Co. v. Maryland (C. C. A. 4) 219 Fed. 827, 829, 135 C. C. A. 497. But "it requires a strong case to induce a court of equity to consider two corporations as one, on account of one owning all the capital stock of the other." 1 Cook on Corporations (7th Ed.) § 317; and see Peterson v. C., R. I. & P. R. R. Co., 205 U. S. at page 393, 27 Sup. Ct. 513, 51 L. Ed. 841.

[3] In the instant case there is not even complete identity of ownership in fact over the three corporations involved; the stock is not all owned by the Jones interests, individual stockholdings (as well as that of the Johnetta Company) in the different companies are not identical in amount, and one of the Jones brothers has no personal holding in the Cleveland & Pittsburgh Company. Appellant holds no stock in either of the other two corporations.

Nor do we think the inter-relation of the various Jones companies, as shown by the agreed facts, can properly be held to amount to fraud, actual or constructive, such as to make the retail coal-selling company and the coal-mining company instrumentalities of appellant and thus warrant a disregard of the actual separate identity of the three corporations. We find nothing indicating that the receiver gave credit to either the Cleveland & Pittsburgh Coal Company (the retail coal dealer) for freight and demurrage, or to the Pittsburgh-Buffalo Company (the mining company) for repairs on cars, upon any rightful expectation induced by those managing appellant's affairs, that his bills therefor would be paid by appellant or that the latter was chargeable therewith. The fact that the Jones interests were in the habit of seeing to it that the receiver's bills were paid by the corporation properly chargeable therefor has, in our opinion, no substantial tendency to establish liability on the part of appellant for such bills. Nor

is appellant shown to have had the benefit of the services rendered the other two corporations, and for which it has been held liable. There are apparent no circumstances of fraud or inequity on appellant's part, requiring its payment of the debts of the two other corporations.

The order of the District Court is accordingly reversed, with costs.