### HARRIS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 16, 1918.)

No. 4982.

1. CRIMINAL LAW ⬤⇒1130(2)—APPEAL—BRIEFS—ASSIGNMENTS OF ERROR.
   Assignments of error, not set out in plaintiff in error's brief as required by rule 24 (150 Fed. xxxiii, 79 C. C. A. xxxiii), cannot be considered.

2. INDIANS ⬤⇒35—INDIAN COUNTRY—WHAT IS.
   Kelliher, in the county of Beltrami, state of Minnesota, which is within the exterior boundaries of the territory ceded to the United States by the Chippewa Treaty of February 22, 1855 (10 Stat. 1165), is Indian territory.

3. CRIMINAL LAW ⬤⇒742(1)—APPEAL—PROVINCE OF JURY.
   The jury is the sole judge of the credibility of witnesses.

4. INDIANS ⬤⇒38(1)—INDIAN TERRITORY—INTRODUCTION OF INTOXICATING LIQUOR.
   In a prosecution for introducing or causing to be introduced, into Indian territory intoxicating liquors, in violation of Rev. St. § 2139, as amended by Act Feb. 27, 1877, c. 69, 19 Stat. 244, and by Act July 23, 1892, c. 234, 27 Stat. 260 (Comp. St. 1916, § 4136a), where the alleged offense was committed after the passage of Act May 18, 1916, c. 125, 39 Stat. 124 (Comp. St. 1916, § 4144a), making the possession of intoxicating liquors in country where the introduction is prohibited by treaty or federal statute prima facie evidence upon unlawful introduction, the question of defendant's guilt *held*, under the evidence, properly submitted to the jury.

   Sanborn, C. J., dissenting.

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

James O. Harris was convicted of wrongfully, unlawfully, and feloniously introducing and causing to be introduced into Indian territory intoxicating liquors in violation of Rev. St. § 2139, as amended by Act Feb. 27, 1877, and Act July 23, 1892, and he brings error. Affirmed.

A. A. Andrews, of Bemidji, Minn., for plaintiff in error.

Alfred Jaques, U. S. Atty., of Duluth, Minn., for the United States.

Before SANBORN, Circuit Judge, and TRIEBER and YOUMANS, District Judges.

TRIEBER, District Judge. This is a writ of error to reverse a judgment entered upon a verdict of guilty rendered by a jury. The defendant was indicted in two counts for having violated section 2139, Rev. St., as amended by Act Feb. 27, 1877, c. 69, 19 Stat. 244, and Act July 23, 1892, c. 234, 27 Stat. 260 (Comp. St. 1916, § 4136a). The first count charges that the defendant on the 30th day of May,

1916, at Kelliher in the county of Beltrami, in the state and district of Minnesota, had wrongfully, unlawfully, and feloniously introduced and caused to be introduced into Indian country, to wit, into the said county of Beltrami, at Kelliher aforesaid, intoxicating liquors, to wit, 3½ gallons of whisky, which said Kelliher is within the exterior boundaries of the territory ceded to the United States by the Chippewa Treaty of February 22, 1855 (10 Stat. 1165). The second count charges a like offense, committed on the 29th day of July, 1916.

There was a trial to a jury and a verdict of not guilty on the first count, and a verdict of guilty on the second count, upon which the court sentenced him to a fine and imprisonment. We are only concerned with the verdict on the second count.

[1] The brief of the plaintiff in error failed to set out any assignment of errors as required by rule 24 of this court (150 Fed. xxxiii, 79 C. C. A. xxxiii). In City of Goldfield v. John Roger, 249 Fed. 39, — C. C. A. —, decided at this term, we have held upon the authority of City of Lincoln v Sun Vapor Street Light Co., 59 Fed. 756, 8 C. C. A. 253, that the failure to comply with that rule, particularly in respect to assignments and specifications of error in briefs, will prevent a consideration of the assignments of error by this court. But, in view of the fact that in this case the liberty of the defendant is at stake, we shall dispose of the case on its merits.

[2] The assignments of error bring only one question before this court: Did the court err in refusing to direct a verdict of not guilty at the close of the evidence, although other errors have been argued by counsel? In view of the decision of the Supreme Court in Johnson v. Gearlds, 234 U. S. 422, 34 Sup. Ct. 794, 58 L. Ed. 1383, the contention that the place where the liquor was found in the possession of the defendant is not Indian country cannot be sustained.

[3, 4] As the offense was committed after the enactment of Act May 18, 1916, c. 125, 39 Stat. 124 (Comp. St. 1916, § 4144a), amending sections 2140 and 2141, Rev St, possession of intoxicating liquor in the country where the introduction is prohibited by treaty or federal statute, is made prima facie evidence of unlawful introduction. Three witnesses introduced by the government testified positively that on July 29, 1916, the date upon which the introduction of the liquor is charged in the second count to have been committed, they found a quart of whisky in defendant's barroom in Kelliher, under the bar, and that the defendant was present at the time, and also Stone, his barkeeper, the latter behind the bar.

The defendant testified that he was not in the barroom at the time the witnesses for the government came there, but he came in while they were there, and they had about ten bottles of malt set up on the bar; that he bought the stuff for malt, and not for beer; that there was no liquor there that he knew of, but only this beer or malt. Another witness introduced by the defendant was Pete McGinty, who testified that he was selling whisky unlawfully, and that he sold whisky to defendant, at Kelliher, having brought it there; that he would sell him about two quarts of whisky every week or two, after bringing it there.

William Johnson, who was recalled by the government, testified in rebuttal that the witness McGinty told him that he came to Minnesota from North Dakota the fall after this liquor had been found in the possession of the defendant. He was then tending bar for a man by the name of Bagley.

As no exceptions were taken to the charge of the court, which submitted the question of facts to the jury, the finding of the jury is conclusive, if there is substantial evidence to sustain it. If the jury believed the witnesses introduced on the part of the government, then under the act of May 18, 1916, the government made out a prima facie case, subject to rebuttal by the defendant. The jury were the sole judges of the credibility of the witnesses. If they believed the testimony of the defendant and the witness McGinty then the prima facie presumption was rebutted, but on the other hand if they discredited the testimony of these witnesses, which they did, the verdict of guilty was justified. The witness McGinty was impeached by Mr. Johnson, and in fact by himself, when he testified that he was engaged in introducing intoxicating liquors in the prohibited territory, in violation of the laws of the United States. It was for the jury to determine what weight to give to his testimony and that of the defendant, taking into consideration the interest the defendant had in the result of the trial. The court committed no error in submitting the question to the jury.

The judgment is affirmed.

SANBORN, Circuit Judge, dissents.