## GREENBAUM v. LEHRENKRAUSS CORPORATION.

## VAN SCHAICK, Superintendent of Insurance of New York, v. GREENBAUM et al.

### No. 34.

Circuit Court of Appeals, Second Circuit.
Nov. 5, 1934.

John H. Bennett, Jr., Atty. Gen., and Henry Epstein, Sol. Gen., of New York City (Joseph C. H. Flynn, of Albany, N. Y., of counsel), for appellant.

Strongin & Hertz, of Brooklyn, N. Y., and David B. Tolins, of New York City (Charles

Wilson, of Brooklyn, N. Y., of counsel), for appellees receivers of Lehrenkrauss Corporation.

Saxe & Sheafe, of New York City (Kenneth McEwen, of New York City, of counsel), for appellee Lehrenkrauss Corporation.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Lehrenkrauss Mortgage & Title Guarantee Company (hereinafter referred to as the title company) is a corporation organized under the insurance laws of the state of New York. On December 1, 1933, the superintendent of insurance commenced proceedings for the liquidation and dissolution of the title company by an application in the Supreme Court, county of Kings, for an order to show cause. After hearing counsel for the applicant and for the title company, Mr. Justice Johnston made such an order, returnable on December 7th. On December 6, 1933, there was filed in the District Court a bill of complaint against Lehrenkrauss Corporation, praying for the appointment of a receiver of its property. The defendant forthwith filed an answer consenting thereto, and, on December 7th, the District Court appointed receivers of said Lehrenkrauss Corporation and all its assets, which included nearly all the shares of the capital stock of the title company. The order appointing receivers enjoined all persons from prosecuting any suit, action, or proceeding not only against the defendant Lehrenkrauss Corporation, but also against any of its subsidiaries or affiliates, among which the title company was specifically named. In consequence the proceeding pending in the state court was held in abeyance, and the superintendent of insurance moved in the court below for a modification of its restraining order so as to permit him to prosecute said proceeding. This motion was denied, resulting in the present appeal.

The argument has revolved chiefly about the appellant's contention that the institution of the state court proceeding gave that court constructive possession of the title company's assets and made any interference by the District Court with the prosecution of that proceeding a violation of the rule of comity which should prevail between courts of concurrent and co-ordinate jurisdiction. See Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871; Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457; O'Neil v. Welch, 245 F. 261 (C. C. A. 3). But in the view we take it is unnecessary to pass upon these questions, for there is an even more fundamental objection to the restraining order.

The title company was not a party to the receivership bill filed against Lehrenkrauss Corporation; nor, so far as appears, was the complainant, Greenbaum, or any creditor who intervened in the receivership suit, either a stockholder or creditor of the title company. Although Lehrenkrauss Corporation owns a very large proportion of the stock of the title company and the latter is an important factor in what the appellees call "the entire Lehrenkrauss organization," there is no suggestion in the record that the two corporations have not always transacted their business as separate and distinct corporate entities. Control through ownership of shares does not fuse the corporations so that contractual obligations of the one can be enforced against the other. See Kingston Dry Dock Co. v. Lake Champlain Transp. Co., 31 F.(2d) 265, 267 (C. C. A. 2); Martin v. Development Co. of America, 240 F. 42, 45 (C. C. A. 9); Pittsburgh & Buffalo Co. v. Duncan, 232 F. 584, 587 (C. C. A. 6). Nor, in an action to collect a debt owed by the "subsidiary," would the receivers of the "parent" be entitled to intervene. First Nat. Bank v. Walton, 146 Wash. 367, 262 P. 984. Under these circumstances we can see absolutely no legal justification for enjoining the prosecution of suits against one of the corporations on a bill for receivership filed against the other. Such a suit is merely a judgment creditor's bill with a waiver by the debtor of the preliminary judgment and return of execution nulla bona. Re Metropolitan Railway Receivership (In re Reisenberg), 208 U. S. 90, 109, 28 S. Ct. 219, 52 L. Ed. 403; Harkin v. Brundage, 276 U. S. 36, 52, 48 S. Ct. 268, 72 L. Ed. 457; Newberry v. Davison Chemical Co., 65 F.(2d) 724, 729 (C. C. A. 4); Field v. Kansas City Refining Co., 9 F.(2d) 213, 215 (C. C. A. 8). It is a substitute for execution and to preserve the debtor's assets from the general waste which would result from a race by creditors to reach them. Therefore no assets can be brought under the receivership which would not in some form be subject to the claims of the defendant's creditors, and no restraining order should be extended so far as to protect assets outside the receivership. Indeed, the District Court did not assume to appoint receivers for the title company's assets, although it appears that

the receivers in fact have taken possession of them on the ground that this was essential to an efficient administration of the receivership of Lehrenkrauss Corporation. Consequently it is all the more amazing that the court should have enjoined all persons from prosecuting claims against the title company. Such an order is contrary to the whole theory of an equity receivership.

The only ground on which the order could be supported would be a finding that the title company and the receivership defendant are in substance one corporation so that the fiction of separate corporate entities may be disregarded. See Trustees System of Pennsylvania v. Payne, 65 F.(2d) 103 (C. C. A. 3); Central Republic Bank & Trust Co. v. Caldwell, 58 F.(2d) 721, 735 (C. C. A. 8); Hamilton Ridge Lumber Sales Corp. v. Wilson, 25 F.(2d) 592 (C. C. A. 4); In re Muncie Pulp Co., 139 F. 546 (C. C. A. 2); compare In re Routt Lumber Co., 59 F.(2d) 29 (C. C. A. 9). But on this record such a finding could not be made. On the contrary, the plain implication from the moving papers and the affidavits submitted in opposition is that the title company is a distinct corporation, having its own assets, its own creditors, and its own obligations under the insurance laws of the state of New York. Indeed, the receiver's argument does not assert the contrary, but urges that an efficient and economical administration of the defendant's property requires them to control also the title company's. That such an argument should have prevailed in the District Court indicates how deeply the thinking of bench and bar has been infected by the notion that in an equity receivership whatever makes for efficient administration is permissible. We threw out a caveat on this subject in Dulberg v. Zankel (C. C. A.) 67 F.(2d) 534, 535, and the present case permits us definitely to repudiate the idea that, because it may be convenient for all persons interested to have a single reorganization of the receivership defendant and all its subsidiaries, this can be accomplished by merely filing a bill in equity against the parent corporation and getting it to admit the bill's averments and consent to the appointment of a receiver. The restraining order was too broad and should have been modified on the appellant's motion so as to permit him to prosecute his state court proceeding.

Accordingly, the order appealed from is reversed.