**In re LEHRENKRAUSS et al.**

**No. 25564.**

District Court, E. D. New York.

Jan. 2, 1935.

See, also, 6 F. Supp. 687.

Archibald Palmer, of New York City, for trustee.

John J. Bennett, Jr., Atty. Gen. (Joseph C. H. Flynn, of Albany, N. Y., and Harry Rodwin and Jess H. Rosenberg, both of New York City, of counsel), for Superintendent of Insurance of New York.

GALSTON, District Judge.

The trustees of the bankrupts seek to restrain the receivers in equity of the Lehrenkrauss Corporation from delivering possession of assets, books, and other records of the Lehrenkrauss Mortgage & Title Guarantee Company to the superintendent of insurance of the state of New York pending a determination by the special master as to the ownership of the shares of the capital stock of the last-named corporation.

The Lehrenkrauss Mortgage & Title Guarantee Company (which I shall hereafter refer to as the Title Company) is an insurance corporation organized under the Insurance Law of the state of New York. Pursuant to such law, it is subject to supervision and examination by the superintendent of insurance of the state.

In December, 1933, the superintendent of insurance obtained an order to show cause from the Supreme Court of the state of New York directing him to take possession of the assets of the Title Company and to liquidate its affairs. The application for such order was made pursuant to article 11 of the Insurance Law (Consol. Laws, c. 28 [section 400 et seq.]).

Subsequent to the signing of the order to show cause, the equity receivership suit was instituted in this court against the Lehrenkrauss Corporation. The order of appointment of the receivers thereof contained, among other general provisions of stay, a specific provision which restrained the institution of actions or proceedings brought against the title company. The Circuit Court of Appeals modified the general restraining order by vacating the provision therein restraining suits against the Title Company. Greenbaum v. Lehrenkrauss Corp., 73 F.(2d) 285, 286.

The present motion is made in the bankruptcy proceedings of J. Lehrenkrauss & Sons and J. Lehrenkrauss & Co., and is based on the asserted proposition that compliance with the order entered upon the mandate of the United States Circuit Court of Appeals directing the transfer of the assets of the Title Company to the state superintendent of insurance be suspended until title to the ownership of 1,335 shares of the capital stock of the Title Company be determined. These shares are claimed both by the trustees in bankruptcy of J. Lehrenkrauss & Sons and by the receivers of the Lehrenkrauss Corporation. The theory urged is that the affidavits submitted in support of the motion show that there is a community of interest between the bankrupts and the title company; that the assets of the two corporations were interchanged; and that, therefore, the assets should not be segregated for the purpose of determining the ownership thereof.

The view presented is not unlike that heretofore considered by the Circuit Court of Appeals in the proceeding heretofore referred to; and it was there stated that: "Control through ownership of shares does not fuse the corporations so that contractual obligations of the one can be enforced against the other. See Kingston Dry Dock Co. v. Lake Champlain Transp. Co. (C. C. A. 2) 31 F.(2d) 265, 267; Martin v. Development Co. of America (C. C. A. 9) 240 F. 42, 45; Pittsburgh & Buffalo Co. v. Duncan (C. C. A. 6) 232 F. 584, 587."

From the papers on this motion there is nothing to warrant the finding that the Title Company is not a distinct corporation

"having its own assets, its own creditors and *its own obligations under the Insurance Laws of the State of New York*" (italics mine). William Greenbaum v. Lehrenkrauss Corporation (George S. Van Schaick, as Superintendent of Insurance of State of New York v. William Greenbaum et al.), 73 F.(2d) 285, decision of the Circuit Court of Appeals (2nd Circuit) dated November 5th, 1934.

. The Title Company remains a corporation organized under the Insurance Laws of the state of New York, no matter who owns the shares of its capital stock. The fallacy involved in the position taken by counsel for the trustees in bankruptcy is the belief that the provisions of the Insurance Law can be ignored if title to those shares is found to be in the bankrupts' estate. That is a clear fallacy. Accordingly, the state superintendent of insurance cannot be foreclosed from exercising the obligations imposed upon him under the state insurance laws to liquidate the affairs of the Title Company.

: The motion is denied.