## In re MADISON MORTGAGE CORPORATION.

District Court, S. D. New York.

Aug. 28, 1937.

Otterbourg, Steindler & Houston, of New York City ·(Edwin M. Otterbourg and Arnold A. Jaffe, both of New York City, of counsel), for trustee.

Ralph E. Cramp, of New York City (Samuel Boksenboin, of New York City, of counsel), for Superintendent of Insurance of State of New York.

PATTERSON, District Judge.

The application. is for an order. restraining the New York Superintendent of Insurance from proceeding with the liquidation of a company organized under the insurance laws of New York.

It appears that a proceeding for reorganization of Madison Mortgage Corporation was commenced in this court on January 7, 1936. The principal asset of the estate is the entire capital stock of Equitable Mortgage & Title Guarantee Company, a company organized under the insurance laws of New York to do a business of selling guaranteed mortgages. The Equitable Company is in rehabilitation proceeding and its affairs are being conducted by the Superintendent of Insurance under the guidance of the New York Supreme Court. The rehabilitation proceeding involving the subsidiary was commenced on the same day that the reorganization proceeding involving the parent was commenced in this court.

A plan or reorganization of the parent was proposed. The principal feature of the plan was the sale of the Equitable stock to a purchasing group. The plan received the requisite approval of persons interested and was confirmed by the court by order of July 28, 1937. Under the plan the purchasing group has sixty days within which to acquire the assets of the Equitable Company from the Superintendent of Insurance, failing which acquisition there is no obligation to go forward with the purchase of the stock.

On August 3, 1937, the Superintendent of Insurance obtained from the New York Supreme Court an order directing the Equitable Company to show cause why its business should not be liquidated and wound up. Thereupon the trustee of the debtor in reorganization, conceiving that liquidation of the subsidiary would wreck reorganization of the debtor, commenced the present proceeding to enjoin the Superintendent of Insurance from proceeding further in the state court until the expiration of the sixty-day period.

The Equitable Company is not in reorganization in this court. As an insurance company it is not even amenable to reorganization here. In re Union Guarantee & Mortgage Corporation, 2 Cir., 75 F.2d 984, certiorari denied Union Guarantee & Mortgage Co. v. Van Schaick, 296 U.S. 594, 56 S.Ct. 142, 80 L.Ed. 421. It follows that this court has no power to issue injunctions against suits or proceedings in other courts involving that company, even though the institution of such suits or proceedings may have an adverse effect on assets of another company which is in process of reorganization here. Greenbaum v. Lehrenkrauss Corporation, 2 Cir., 73 F.2d 285. Whether the reasons

prompting the Superintendent of Insurance to ask for an order of liquidation in the state court were good or bad is a matter which we cannot consider. The necessity for liquidation is solely the concern of the New York Supreme Court. The trustee of the parent company may make his protests there.

It is urged that the injunction asked for is merely one for sixty days. An injunction for sixty days, however, presupposes a limited power to interfere directly in the affairs of a company in custody of the state court, and that power does not exist. The application will be denied.