In re MIAMI GENERAL
HOSPITAL, INC., Debtor.

Bankruptcy No. 87–02131–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

May 4, 1989.

See also, Bkrtcy., 89 B.R. 980.

David C. Profilet, Stroock & Stroock &
Lavan, Miami, Fla., for trustee.

Evan J. Langbein, Miami, Fla., for claim-
ant George N. Leader.

Gui L.P. Govaert, Miami, Fla., trustee for
the estate of Miami Gen. Hosp., Inc.

Leonard H. Gilbert, Robert A. Soriano,
Carlton, Fields, Ward, Emmanuel, Smith &
Cutler, Tampa, Fla., for First American
Bank and Trust Co.

Holland and Knight, Miami, Fla., for
Gen. Health, L.P., Gen. Partnership and
Home Sav. of America, F.A.

Brian K. Goodkind, Adorno Allen Schiff
& Goodkind, P.A., Miami, Fla., for Sp. Dep-
uty Receiver of the Estate of Intern. Medi-
cal Centers, Inc.

Robert Beatty, Miami, Fla., for Southern
Bell Telephone & Telegraph Co.

Asst. U.S. Trustee, Miami, Fla.

Gary C. Matzner, Hayt, Hayt & Landau,
Miami, Fla., for Golden Glades Regional
Medical Center, Inc.

Raul F. Pino, Miami, Fla., for Creditor,
Fyrsafe Equipment, Inc.

Richard B. Adams, Jr., Adams Hunter
Angones Adams Adams & McClure, Miami,
Fla., for Claimant, Daniel Seckinger, M.D.

Malcolm W. Weldon, Pyszka Kessler
Massey, Miami, Fla., for SSI Medical Ser-
vices, Inc.

Christiana T. Moore, F. Philip Blank,
P.A., Tallahassee, Fla., for Florida Pa-
tient's Compensation Fund.

Richard M. Bales, Jr., Kelly Black Black
Byrne Craig & Beasley, P.A., Miami, Fla.,
on their own behalf.

Jeffrey A. Sarrow, P.A., Fort Lauder-
dale, Fla., for petitioning creditors, Ivan
Fisher, Lewis Dan and Donald Altman.

Jeffrey A. Bernstein, Miami, Fla., for
Sunshine State Properties, Inc.

**362**

Irving V. Belzer, Smith Gill Fisher and Butts, Kansas City, Mo., for Midland Research Laboratories, Inc.

Joseph A. Gassen, Mershon, Sawyer, Johnston, Dunwody and Cole, Miami, Fla., Sp. Counsel to the Trustee of Miami Gen. Hospital, Inc.

Mary Kogut Equels, Holtzman Krinzman & Equels, Coral Gables, Fla., for Calmaquip Engineering Corp.

Jose I. Astigarraga, Steel, Hector & Davis, Miami, Fla., for Silvia Romero.

Janie Locke Anderson, Coll Davidson Carter, Smith, Salter & Barkett, Miami, Fla., for McDonnell Douglas Corp.

## ORDER DENYING INTERNATIONAL MEDICAL CENTER, INC.'S AMENDED APPLICATION FOR ADMINISTRATIVE EXPENSE

A. JAY CRISTOL, Bankruptcy Judge.

THIS MATTER came before the Court on Thursday, March 23, 1989, at 9:30 a.m., on International Medical Center, Inc.'s Amended Application for Administrative Expense (the "Application"). By the Application, the Receiver[1] seeks allowance, as an administration claim, of expenses the estate of IMC incurred, both pre-and post-petition, arguably as custodian for Miami General Hospital, Inc. ("MGH" or the "Debtor"). The Trustee[2] and several general unsecured creditors[3] filed objections to the Application, contesting both the pri-

ority and amount claimed.[4] The Court, having reviewed the Application, objections and briefs of the parties, heard argument of counsel, and based on the facts to which the Trustee and the Receiver stipulated, enters the following findings, conclusions and order:

### Findings of Fact and Conclusions of Law

1. Since May 14, 1987, IMC, previously a health maintenance organization, has been in a state court receivership under chapter 631 of the Florida Statutes, styled *In re Receivership of International Medical Center, Inc.*, Circuit Court, Second Judicial Circuit, Leon County, Florida, case number 87–1456. IMC was the parent corporation of MGH, but with the commencement of IMC's receivership, the Receiver became the owner and holder of all of the common stock of the Debtor. On June 18, 1987, the Petitioning Creditors filed an involuntary petition under chapter 11 of the Bankruptcy Code against MGH, to which the Receiver consented during a hearing held June 19, 1989.

2. From May 14 through July 1, 1987, the Receiver operated MGH using funds of the estate of IMC. The Receiver did not itself incur any of the expenses claimed in the Application, but rather, funded MGH from the estate of IMC, which was nothing more than the parent corporation of the Debtor and, therefore, an "insider." *See* 11 U.S.C. § 101(30). Or-

---

1. The State of Florida, Department of Insurance, Division of Rehabilitation and Liquidation, in its capacity as receiver for the estate of International Medical Center, Inc. ("IMC").

2. Gui L.P. Govaert, trustee for the estate of MGH.

3. The objecting creditors are Ivan Fisher, Lewis Dan, Donald Altman, Rudy Noriega (the "Petitioning Creditors"), Calmaquip Engineering Corporation and McDonnell Douglas Corporation. McDonnell Douglas Corporation holds both a general unsecured claim without priority and an administration claim.

4. The Trustee also filed and served his Memorandum of Law in Support of Trustee's Objection to International Medical Center, Inc.'s

Amended Application for Administrative Expense (the "Trustee's Memorandum") to which the Receiver responded with the Receiver's Memorandum of Law in Support of International Medical Center's Amended Application for Administrative Expense (the "Receiver's Memorandum"). The Trustee then replied with the Trustee's Response to Receiver's Memorandum of Law in Support of International Medical Center's Amended Application for Administrative Expense.

As set forth in the briefs, the Trustee and the Receiver agreed to first present legal argument on the question of the Application's entitlement to administrative priority, based on stipulated facts, and reserve for later argument and proof the question of amount. Consequently, I reach only the priority issue here, as I need make no determination of the amount of the claim.

dinarily, the claims of insiders are subordinate to all others, not first in the scheme of distribution. *See Case v. Los Angeles Lumber Products Co.*, 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed. 110 (1939). Even if the Receiver was a custodian for MGH, the Receiver cannot shift such status to the estate of IMC so as to boost what is in reality IMC's insider claim to administrative priority.

3. Moreover, the fund of money from which the Receiver seeks reimbursement represents the proceeds of a settlement of litigation with the Debtor's principal lender, First American Bank and Trust Company ("FABT").[5] In contrast, none of the money contributed by the Receiver from IMC's estate to pay expenses of MGH created any source of funds from which to pay MGH's creditors.

4. The Trustee argues that IMC's claim is barred by laches because (a) the Receiver delayed for over a year in filing the Application or otherwise giving notice of its intent to assert on behalf of IMC the priority accorded the expenses of a custodian, relying on *In re Chicago Pacific Corp.*, 773 F.2d 909, 917 (7th Cir.1985), and (b) the Receiver has never filed the report and account required of a custodian under 11 U.S.C. § 543(b)(2) and Bankruptcy Rule 6002(a). Although the Trustee's argument may be meritorious, it is not as persuasive as the reasoning set forth in paragraphs 2 and 3 above.

5. The Receiver argues that the broad provisions of chapter 631 of the Florida Statutes somehow should modify the result reached. But federal bankruptcy law governs the order of distribution in a case under title 11, not state law. *See* U.S. Const. art. IV, § 2; *Connecticut Gen. Life Ins. Co. v. Universal Ins. Co.*, 838 F.2d 612 (1st Cir.1988); *Wisconsin v. Reese (In re Kennedy & Cohen, Inc.)*, 612 F.2d 963 (5th Cir.), *cert. den.*, 449 U.S. 833, 101 S.Ct. 103, 66 L.Ed.2d 38 (1980). Likewise, whether the Receiver was a custodian of MGH is also a question of federal law. *See* 11 U.S.C. § 101(10); *In re Gold Leaf Corp.*, 73 B.R. 146 (Bankr.N.D.Fla.1987); *Flournoy v. City Finance (In re Lewis)*, 12 B.R. 106 (Bankr.M.D.Ga.1981). If possible, otherwise conflicting federal and state laws should be accommodated. But in the instant case, the state law, chapter 631, is silent on the authority of a receiver of an insurance company to operate its subsidiaries. Further, chapter 631 says nothing about the effect of the receivership on the creditors of the insurance company's subsidiaries. In short, chapter 631 does nothing to protect the subsidiaries' creditors. Chapter 631 does not permit the conclusion that the Receiver was also the receiver for MGH and therefore a custodian within the meaning of 11 U.S.C. § 101(10).

6. Indeed, the Court finds that the Receiver was not a receiver of MGH appointed in a non-title 11 case or proceeding. *See* 11 U.S.C. § 101(10)(A). Nor was the Receiver authorized to take charge of MGH's property for the purpose of general administration of such property for the benefit of MGH's creditors. *See* 11 U.S.C. § 101(10)(C).[6] As such, the Receiver was not a custodian of MGH and therefore its claim is not allowable as an administrative expense under 11 U.S.C. § 503(b)(3)(E).

---

**5.** The Trustee disputed the validity, priority and extent of liens of FABT in certain real and personal property of the estate, objected to FABT's claim and sought to subordinate it to the claims of other creditors because the transactions between the Debtor and FABT were fraudulently intended to benefit the Debtor's parent, IMC. *See* Complaint to Determine Validity, Priority and Extent of Lien and Objection to Claim, to Set Aside Fraudulent Conveyance and for Equitable Subordination, *Gui L.P. Govaert, Trustee, Miami General Hospital, Inc. v. First American Bank and Trust Company (In re Miami General Hospital, Inc.)*, adversary proceeding number 87–0444–BKC–AJC–A, case number 87–02131–BKC–AJC. As part of the settlement, FABT paid the Trustee approximately $1.2 million.

**6.** The Receiver did not contend that it was a custodian under 11 U.S.C. § 101(10)(B), presumably because the Receiver was not an "assignee under a general assignment for the benefit of the [D]ebtor's creditors," since there was no such action commenced by or against the Debtor at any time pursuant to section 727.104 of the Florida Statutes.

7. Based on three orders [7], the Receiver contends that it was a receiver for MGH. However, on their face, none of the orders appoint the Receiver as receiver for MGH. The Rehabilitation Order and the Liquidation Order merely direct the Receiver to take possession of the securities held by IMC, which happened to include all of the outstanding stock of MGH. The mere fact that a parent corporation is in receivership does not mean that its subsidiaries are part of that receivership. *Greenbaum v. Lehrenkrauss Corp.*, 73 F.2d 285 (2d Cir.1934) (L. Hand, Swan and Augustus N. Hand, judges). Nor does the Order of Clarification of Stay appoint the Receiver as receiver for MGH. That order says only that MGH is an asset of IMC's estate and enjoins all actions against MGH "or any other asset of [IMC]." As stated in the order, the purpose of the injunction was to prevent wasting of IMC's assets, which would harm IMC's creditors.[8]

■ 8. Finally, IMC's claim is not otherwise allowable as an administrative expense under 11 U.S.C. § 503(b)(1)(A) because the Court did not authorize post-petition financing under 11 U.S.C. § 364(b). The Receiver's payment from the estate of IMC of expenses for goods and services allegedly supplied to MGH was not in the ordinary course of business. As such, prior Court approval of the expenses after notice and a hearing was a prerequisite to allowance of the expenses as an administration claim under 11 U.S.C. § 503(b)(1)(A). *See, e.g.,* 3 *Collier Bankruptcy Practice Guide* ¶ 44.03[2] (A. Herzog and L. King 1989).

For the foregoing reasons, it is

ORDERED AND ADJUDGED that the objections raised by the Trustee and the general unsecured creditors are sustained and the Receiver's Application is denied.

DONE AND ORDERED.

---

**7.** Order Appointing the Department of Insurance as Receiver for Purposes of Rehabilitation (Exhibit A to the Trustee's Memorandum) (the "Rehabilitation Order"); Order of Liquidation and Injunction (Exhibit B to the Trustee's Memorandum) (the "Liquidation Order"); Order of Clarification of Stay (Exhibit A to the Receiver's Memorandum).

**8.** Because the Court finds that the Receiver was not a custodian, the so-called "Equitable Benefits Doctrine," enunciated in *Randolph & Randolph v. Scruggs,* 190 U.S. 533, 23 S.Ct. 710, 47

L.Ed. 1165 (1903), is inapplicable. Congress codified *Randolph* at 11 U.S.C. § 503(b)(3)(E) and thereby limited it to the expenses of parties who qualify as "custodians" under 11 U.S.C. § 101(10) or who otherwise take possession of the debtor's property pre-petition for the general benefit of the debtor's creditors. *See In re Jensen–Farley Pictures, Inc.,* 47 B.R. 557 (Bankr.D. Utah 1985). Notably, if the Receiver truly were a custodian as it contends, the Receiver would not need *Randolph* to bolster its position.